Marc Alan **LEVIN**, Executor, Estate of Myrtle S. Levin Prince, Deceased, Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent–Appellee.

No. 92–1306.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1992.

Decided Feb. 19, 1993.

---

Marc Alan Levin, McLean, Appellant pro se.

Kenneth W. Rosenberg, Tax Div. U.S. Dept. of Justice, Washington, DC, argued (James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, and Kenneth L. Greene, Tax Div., U.S. Dept. of Justice, on brief), for appellee.

Before MURNAGHAN and HAMILTON, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

MURNAGHAN, Circuit Judge:

Here we are called upon to consider the interplay of federal gift tax and the federal estate tax.

Myrtle Levin Prince, while herself living, made in 1984 gifts of Atlanta Project Notes worth $20,000, as well as gifts of other property which made the annual gift tax exclusion for each donee [1] unavailable with respect to the $20,000 gift. Nor was the spousal sharing of the gift [2] applicable.

At the time the 1984 gift tax return was filed, what authority there was, *Haffner v. United States*, 585 F.Supp. 354 (N.D.Ill. 1984), *aff'd*, 757 F.2d 920 (7th Cir.1985), held that a gift of Atlanta Project Notes was not subject to taxation. Prince, relying on the Seventh Circuit Court's decision, referred, in the 1984 gift tax return, to the $20,000 in gifts [3] but did not rely on a

reduction of her unified gift tax credit.[4] She rather treated the $20,000 as not subject to the gift tax. As a result of reliance on Mrs. Prince's annual gift tax exemption and partial use of her unified credit, Mrs. Prince's gift tax return reported no gift tax due for 1984.[5]

Mrs. Prince then died on March 4, 1985. The United States Supreme Court issued on March 23, 1988, an opinion undermining the Seventh Circuit's holding in *Haffner*. *See United States v. Wells Fargo Bank*, 485 U.S. 351, 108 S.Ct. 1179, 99 L.Ed.2d 368 (1988).

The government, despite that alteration of applicable authority, took no step asserting the taxable status of the $20,000 in gifts before the statute of limitations for gift tax ran on April 15, 1988.[6] The reason advanced to excuse the inaction was that its assertion of gift tax would have been frustrated by the Prince estate's application of its unused unified credit.

However, before limitations to impose estate tax had run, the Internal Revenue Service, on June 2, 1989, asserted liability for estate tax for the claim which we now must consider, namely, that the $20,000 should be included as "adjusted taxable gifts" for computing the federal estate tax under 26 U.S.C. § 2001(b).[7]

Although the statute of limitations set forth in § 6501(a) bars the assessment of a gift tax on the transfer of the $20,000, the statute, contrary to the estate's assertion, nowhere prohibits consideration of

---

1. 26 U.S.C. § 2503(b).

2. 26 U.S.C. § 2513(a).

3. On her return, Mrs. Prince reported various gifts and added the following: "On May 30, 1984, the donor made gifts (exempt from gift tax under the Housing Act of 1937) of Atlanta, Georgia Project Notes, 5.82%, issue date 4–1–84, due 3–5–85...."

4. 26 U.S.C. § 2505.

5. It also has been undisputed throughout that even if the Project Notes had been included in the total taxable gifts on the return, no gift tax would have been due. Any gift tax liability on the Project Notes would have been offset by the use of Mrs. Prince's remaining available unified gift tax credit.

6. *See* 26 U.S.C. § 6501(a) (providing generally for a 3–year limitation period for assessment of a tax).

7. Section 2001(b) provides:
   **(b) Computation of tax.**—The tax imposed by this section shall be the amount equal to the excess (if any) of—
   (1) a tentative tax computed under subsection (c) on the sum of—
   (A) the amount of the taxable estate, and
   (B) the amount of the adjusted taxable gifts, over
   (2) the aggregate amount of tax which would have been payable under chapter 12 with respect to gifts made by the decedent after December 31, 1976, if the provisions of subsection (c) (as in effect at the decedent's death) had been applicable at the time of such gifts.

that transfer as an "adjusted taxable gift" when computing the estate tax. In effect, the taxpayer seeks to promote the incorrect non-treatment of the $20,000 as subject to gift taxes as a basis for gaining a double deduction. The uniform deduction is not employed, on her approach, for gift tax purposes, though it could have been. In consequence, the remaining uniform deduction would be $20,000 greater than it should be for estate tax purposes.

 The estate tax in force prior to the 1976 unification of estate and gift taxes called for taxation of transfers in "contemplation of death," [8] refined in 1976 to transfers made within three years of death.[9] Under the prior scheme, then, the $20,000 would have been included in the gross estate for computing the federal estate tax.[10] The unification of the estate and gift taxes was not created to allow taxpayers to circumvent the federal estate tax. One could hardly hope to escape estate tax today, when the *estate tax* statute of limitations has not expired, by not paying the gift tax when due and by then relying on the running of the *gift tax* statute of limitations as a bar to the assessment of estate tax.

Finally, the provision of 26 U.S.C. § 2504(c) on which the Prince estate alternatively seeks to rely as a reason why inclusion of the $20,000 for *estate* tax calculation purposes should be disallowed relates only to questions of valuation for *gift* tax purposes and so is not relevant as an answer to the question with which we must deal. Section 2504(c) prohibits the IRS from challenging the valuation of gifts for gift tax purposes if the gift tax statute of limitations has expired and a gift tax has been "assessed or paid." [11] By its terms, the section addresses the gift tax, and we decline to extend it to the estate tax.[12]

Accordingly, the Tax Court's decision is

AFFIRMED.

---

For purposes of paragraph (1)(B), the term "adjusted taxable gifts" means the total amount of the taxable gifts (within the meaning of section 2503) made by the decedent after December 31, 1976, other than gifts which are includible in the gross estate of the decedent.

8. 26 U.S.C. § 2035(a), (b) (1970) (current version at 26 U.S.C. § 2035(a)).

9. 26 U.S.C. § 2035(a) provides:
Except as provided in subsection (b), the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, during the 3–year period ending on the date of the decedent's death.

10. Section 2035 was amended significantly, first in 1976 and again in 1981. In 1981 Congress effectively repealed the provision by adding subsection (d):
Except as otherwise provided in this subsection, subsection (a) shall not apply to the estate of a decedent dying after December 31, 1981.

11. Section 2504(c) reads in full:
**Valuation of certain gifts for preceding calendar periods.**—If the time has expired within which a tax may be assessed under this chapter or under corresponding provisions of prior laws on the transfer of property by gift made during a preceding calendar period, as

defined in section 2502(b), and if a tax under this chapter or under corresponding provisions of prior laws has been assessed or paid for such preceding calendar period, the value of such gift made in such preceding calendar period shall, for purposes of computing the tax under this chapter for any calendar year, be the value of such gift which was used in computing the tax for the last preceding calendar period for which a tax under this chapter or under corresponding provisions of prior laws was assessed or paid.

12. Because we find that § 2504(c) applies only to gift tax calculations, we do not address the government's contentions that, irrespective of whether § 2504(c) can be imported from the gift tax into the estate tax provisions, § 2504(c) also is inapplicable in the instant case because (1) no gift tax was "assessed or paid" and (2) no prohibited "revaluation" is being attempted, as the "value" of the Project Notes at $20,000 has been undisputed throughout.

In addition, in light of the fact that § 2504(c), much like § 6501(a), functions as a kind of statute of limitations provision for gift tax, we bear in mind the general principle that " '[s]tatutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government.' " *Badaracco v. Commissioner,* 464 U.S. 386, 391, 104 S.Ct. 756, 760, 78 L.Ed.2d 549 (1984) (quoting *E.I. DuPont de Nemours & Co. v. Davis,* 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924)).