**Carroll EVANSON, as Co–Personal Representative of the Estate of Alfred Eide, Deceased, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

**No. 93–2689.**

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1994.

Decided July 21, 1994.

---

Kenneth Rosenberg, Washington, DC, argued, for appellant.

Michael Wagner, Bismarck, ND, argued, for appellee.

Before MAGILL, Circuit Judge, and FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

The government appeals the district court's summary judgment in favor of the personal representative of Alfred Eide's Estate (the "estate"). This dispute involves the interplay between the federal gift tax and estate tax statutes. We reverse and remand.

## I. BACKGROUND

In January 1981, Alfred Eide made two gifts of mineral rights and filed a federal gift tax return that listed their total taxable value as $14,769.00.[1] Because Eide used a portion of his unified credit against gift tax, 26 U.S.C. § 2505 (1976), no gift tax was due. Eide died in January 1985, and his estate filed a federal estate tax return and paid $110,200.00 in federal estate taxes. In calculating the amount of estate taxes, the estate listed the "adjusted taxable gifts"[2] as $14,769.00, the value Eide had reported for the mineral rights on his 1981 gift tax return.

In August 1986, for reasons unrelated to this appeal, the estate filed an amended return and sought a partial estate tax refund. In processing the estate's refund request, the government reviewed Eide's 1981 valuation of the mineral gifts, increased their value to $135,750.00,[3] and determined that an additional $35,123.00 in estate tax was due. After paying the tax deficiency and interest, the estate filed another amended return and requested a refund for the amount that was paid based on the government's adjustment of the mineral rights' value.[4] When the government denied the estate's refund request, the estate brought this action. The estate argued that the limitation period on assessing gift tax barred the government from revaluing prior gifts for estate tax purposes. Upon the parties' cross-motions for summary

---

1. The total value of these gifts, $20,769.00, was reduced by $6000 based on the $3000 annual exclusion allowable at that time for each donee. 26 U.S.C. § 2503(b) (1976).

2. "Adjusted taxable gifts" are the total amount of taxable gifts (other than gifts includible in the decedent's gross estate) made by the decedent after December 31, 1976. 26 U.S.C. § 2001(b) (1982).

3. Although the district court noted that the valuation of mineral rights is quite speculative, the estate does not dispute the accuracy of this figure.

4. The estate also claimed that $13,372.21 was due from the first amended return. However, on July 27, 1987, the estate filed a waiver of notice of disallowance for the original claim, and the two-year statute of limitations ran before this lawsuit was filed. 26 U.S.C. § 6532(a)(3) (1982).

judgment, the court entered judgment in favor of the estate. The government appeals.

## II. DISCUSSION

In order to calculate the amount of estate taxes that are due, a tentative tax is figured on the sum of the taxable estate and the adjusted taxable gifts. A hypothetical tax is then computed on the adjusted taxable gifts, and this amount is subtracted from the tentative tax result before the credits are applied.[5]

The estate, relying on the general three-year limitation period for the assessment of taxes,[6] argues that the government cannot revalue Eide's adjusted taxable gifts when determining the amount of estate tax that is due. Section 2504(c) "fixes" the value of certain gifts for gift tax purposes once the limitation period has run:

> If the time has expired within which a tax may be assessed under this chapter ... and if a tax under this chapter or under corresponding provisions of prior laws has been assessed or paid for such preceding calendar period, the value of such gift made in such preceding calendar period shall, for purposes of computing the tax under this chapter [Chapter 12—Gift Tax] for any calendar year, be the value of such gift which was used in computing the tax for the last preceding calendar period for which a tax under this chapter or under corresponding provisions of prior laws was assessed or paid.

The government concedes that it cannot challenge a taxpayer's valuation of prior gifts in order to recover additional gift tax after the tax has been assessed or paid and the statutory limitation period has run. Never-

theless, the government contends that § 2504(c) applies only to the assessment of gift taxes, and does not apply to the estate tax provisions.[7]

Prior to 1976, gift taxes and estate taxes were assessed at different rates and had different exemptions. *Compare* 26 U.S.C. §§ 2001, 2012, 2501–02 (1970) *with* 26 U.S.C. §§ 2001, 2010, 2012, 2101, 2501–2505 (1976). The 1976 Act created a unified approach—a uniform credit and uniform tax rates for gift and estate taxes. *See id.* Contrary to the estate's position, the unification of the gift and estate tax statutes does not allow taxpayers to avoid federal estate tax by undervaluing lifetime gifts. *Levin v. Commissioner,* 986 F.2d 91, 93 (4th Cir.), *cert. denied* ⸺ U.S. ⸺, 114 S.Ct. 66, 126 L.Ed.2d 36 (1993).

The estate argues that it is fundamentally unfair to allow the government to recalculate the value of lifetime gifts for estate tax purposes. Taxpayers would be forced to keep their records indefinitely, and at the time the valuation is disputed, the person who is the most knowledgeable about the gift, the donor, will be deceased. *See Boatmen's First Nat. Bank of Kansas City v. United States,* 705 F.Supp. 1407, 1413 (W.D.Mo.1988) (discussing the uncertainty of valuing gifts given years prior to death and the difficulty in estate planning); *but see Estate of Smith v. Commissioner,* 94 T.C. 872, 878, 1990 WL 789990 (1990) (revaluing gifts for estate tax purposes is a one-time event as opposed to the possible recurring problem of revaluing gifts for gift tax purposes).

Although we recognize the potential problems, "[c]ourts are not authorized to rewrite a statute because they might deem its effects

---

**5.** 26 U.S.C. § 2001(b) (1982) provides for the computation of estate taxes:

> The tax imposed by this section shall be the amount equal to the excess (if any) of—
> (1) a tentative tax computed in accordance with the rate schedule set forth in subsection (c) on the sum of—
> (A) the amount of the taxable estate, and
> (B) the amount of the adjusted taxable gifts, over
> (2) the aggregate amount of tax which would have been payable under chapter 12 with respect to gifts made by the decedent after December 31, 1976, if the rate schedule set forth in subsection (c) (as in effect at the

decedent's death) had been applicable at the time of such gifts.

**6.** 26 U.S.C. § 6501(a) (1982) provides a general three-year limitation period for the assessment of a tax imposed by Title 26.

**7.** Because of our holding that § 2504(c) applies only to the assessment of gift taxes and not to the calculation of estate taxes, we take no position regarding the government's alternative argument that Eide's use of the unified credit did not constitute the assessment or payment of taxes as required by this subsection.

susceptible of improvement. This is especially so when courts construe a statute of limitations, which must receive a strict construction in favor of the Government." *Badaracco v. Commissioner,* 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984) (citation and quotation omitted). By its terms, § 2504(c) applies to "taxes under this chapter [Chapter 12]"; estate taxes are governed by Chapter 11. *See* §§ 2001–2209 (1982). Furthermore, the statute governing the calculation of estate taxes, § 2001(b)(1)(B), refers to § 2503 for the definition of "adjusted taxable gifts," and does not mention § 2504(c).

The estate relies on *Merrill v. Fahs,* 324 U.S. 308, 311, 65 S.Ct. 655, 656–57, 89 L.Ed. 963 (1945), in arguing that the gift tax and estate tax statutes are *in pari materia* and must be construed together. However, *Merrill* involved the interpretation and resulting similar construction of two identical gift and estate tax provisions. *Id.* at 313, 65 S.Ct. at 656–57. In this case, the estate does not argue for the similar treatment of like tax provisions, but rather seeks to incorporate a provision from the gift tax statutes into the estate tax statutes.

We agree with the *Levin* court's conclusion that the plain language of § 2504(c) applies only to the assessment of gift taxes, and does not apply to the calculation of estate taxes. 986 F.2d at 93. Therefore, in listing a decedent's "adjustable taxable gifts" under § 2001(b)(1)(B), the government may re-examine and adjust prior taxable gifts in order to reflect the accurate value on the date they were given.

### III. CONCLUSION

For the foregoing reasons, we reverse the district court's order and remand this case for the entry of judgment in favor of the government.